**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ELAINA THOMAS                                         CASE NO. 19-13230

      *Plaintiff,*                             HON. LINDA V. PARKER
v.                                                               DISTRICT JUDGE

COMMISSIONER OF SOCIAL                    HON. PATRICIA T. MORRIS
SECURITY,                                             MAGISTRATE JUDGE

      *Defendant.*
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON**
**DEFENDANT'S MOTION TO DISMISS (ECF NO. 12)**

## I.  RECOMMENDATION

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss (ECF No. 12) be

**GRANTED**.

## II.  REPORT

### A.  Introduction

Plaintiff filed the instant *pro se* complaint on November 1, 2019. (ECF No. 1.)

Plaintiff, a resident of Wayne County, Michigan (ECF No. 1-2), filed—either erroneously

or purposefully—the complaint with the U.S. District Court for the Western District of

Michigan. (ECF Nos. 1, 1-1, 1-2.) This matter was transferred to the Eastern District. (ECF

No. 3.) And this matter was referred to the undersigned for all pretrial matters. (ECF No. 5.)

Plaintiff applied to proceed *in forma pauperis* ("IFP") (ECF No. 2), and this application

was granted (ECF No. 6).

1

Defendant now moves to dismiss Plaintiff's complaint for failure to exhaust her administrative remedies (ECF No. 12), and Plaintiff has filed her response (ECF No. 14).

**B.      Arguments and Analysis**

The "general rule that parties exhaust administrative remedies before seeking relief from the federal courts" is well established. *McCarthy v. Madigan*, 503 U.S.140, 144–45, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992). Statutory law governing social security cases provides that:

> Any individual, after *any final decision* of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain review of such decision by a civil action commenced within sixty days . . . .

42 U.S.C. § 405(g) (emphasis added). In addition, 42 U.S.C. § 405(h) provides that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided . . . ." Thus, Congress has clearly stated that § 405(g) is the sole basis for judicial review of the Commissioner's decisions.

The sole exception to this rule was explained in *Califano v. Sanders*, 430 U.S. 99, 109 (1977):

> [c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions . . . [W]hen constitutional questions are in issue, the availability of judicial review is presumed, and we will not read a statutory scheme to take the "extraordinary" step of foreclosing jurisdiction unless Congress' intent to do so is manifested by "clear and convincing" evidence.

Therefore, "absent a colorable constitutional claim, federal courts are without jurisdiction

to review the Secretary's denial of benefits on the basis of res judicata." *Parker v. Califano*,

644 F.2d 1199, 1201 (6th Cir. 1981). Mere incantation of the Constitution is insufficient to

raise a constitutional issue. For example, as explained by the Sixth Circuit in *Ingram v.*

*Secretary of Health & Human Services*:

> The Supreme Court has noted that federal courts are without jurisdiction to
> review a decision of the Secretary refusing to re-open previously adjudicated
> claims, at least in the absence of a constitutional challenge. *Califano v.*
> *Sanders*, 430 U.S. 99, 97 S. Ct 980, 51 L. Ed. 2d 192 (1977). *Simply couching*
> *in constitutional language what is in reality an argument, that the Secretary*
> *abused his discretion in refusing to re-open a claim, does not convert the*
> *argument into a colorable constitutional challenge.*

830 F.2d 67, 67 (6th Cir. 1987) (emphasis added).

42 U.S.C. § 405(g) authorizes judicial review only after a plaintiff has exhausted

administrative remedies. The regulations delineate a four-step administrative review

process that must be followed before a decision will be considered final and subject to

judicial review: (1) an initial decision; (2) reconsideration; (3) a hearing before an

administrative law judge ("ALJ"); and (4) review by the Appeals Council. 20 C.F.R.

§§ 404.900(a), 416.1400(a)(5). Therefore, a final decision is reached only after a plaintiff

receives either a decision by the Appeals Council or a notice from the Appeals Council

that it is denying the request for review. 20 C.F.R. §§ 404.900(a), 404.981, 416.1400(a),

416.1481, 422.210. Without a final decision, the court does not have subject matter

jurisdiction to review the matters asserted in the complaint. *Hines v. Astrue*, 876 F. Supp.

2d 1001, 1004 (S.D. Ohio 2012). Further, "[A]dministrative remedies [must] be

exhausted before judicial review of the [Commissioner's] decisions takes place." *Heckler*

*v. Ringer*, 466 U.S. 602, 627 (1984).

In the instant case, an ALJ denied Plaintiff's claims for disability insurance benefits

and supplemental security income on May 10, 2019. (ECF No 1-1, PageID.54.) On

May 20, 2019, Plaintiff requested the Appeals Council review the decision in her case.

(ECF No. 12-1, PageID.155.) That fact is supported by a declaration of Dexter Potts, who

is Acting Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate

Operations of the Social Security Administration. (*Id.*, PageID.134.) Further, Mr. Potts,

reviewed the claim file of Plaintiff, and it showed that this claim is pending before the

Appeals Council, and that while pending, Plaintiff filed the instant case in the Western

District of Michigan. (*Id.*, PageID.133–34.)

In the instant case, Plaintiff has not made any claims implicating constitutional

violations that would justify waiving the exhaustion requirement.

Plaintiff has made bald assertions that "The Social Security Administration Does

not provide benefits to those that are sick and ill." (ECF No. 1, PageID.1); and that this

case's cause was "Evaluating cases involving drug addiction alcoholism" (ECF No. 1-2,

PageID.83). Plaintiff makes no actual argument as to why her claim for benefits should be

approved; she has provided a volume of Social Security Rulings and publications that she

provides no context or explanation of their relevance.[1] "It is not sufficient for a party to

---

[1] Plaintiff provided SSR 13-2p, which provides for evaluation of cases involving drug addiction and alcoholism (ECF No. 1-1, PageID.6–28; ECF No. 14, PageID.159–82); a Social Security Administration publication titled "What Prisoners Need To Know" (ECF No. 1-1, PageID.29–38); SSR 09-1p which provides for the determination of childhood disability under the functional equivalence rule (*Id.*,

mention a possible argument in a most skeletal way, leaving the court to put flesh on its bones." *Bishop v. Gosiger*, 692 F. Supp. 2d 762, 774 (E.D. Mich. 2010) (internal quotation marks and citations omitted); *see also Deguise v. Comm'r of Soc. Sec.*, 2013 WL 1189967, at *7 (E.D. Mich. 2013) ("plaintiff cannot simply make the claim . . . , while leaving it to the Court to scour the record to support this claim."), *rep. & rec. adopted*, 2013 WL 1187291 (E.D. Mich. 2013).

In the absence of a final decision from Defendant, or any colorable argument (either constitutional or any argument for that matter), this matter should be dismissed.

### C.    Conclusion

For the reasons set forth above, **IT IS RECOMMENDED** the complaint be **DISMISSED** for failure to exhaust administrative remedies.

## III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985);

---

PageID.39–40); and a list of the Listing of Impairments. (ECF No. 1-1, PageID.5; ECF No. 14, PageID.183).

Here, the ALJ concluded Plaintiff was not disabled, and therefore discussion of her history of substance abuse was not material. (ECF No. 1-1, PageID.52.). Also, Plaintiff is not a child. (*Id.*, PageID.53.) Plaintiff also does not analyze which listed impairment would arguably apply to her. Plaintiff, here, does not supply an argument or anything that appears to support a possible argument.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 1, 2020

S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Elaina Thomas at 23 E. Adams, Detroit, MI 48226.

Date: September 1, 2020

By s/Kristen Castaneda
Case Manager